IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY R. GONZALES,

        Plaintiff,

v.                                                                                         CV 15-456 WPL

CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*,

        Defendant.

**ORDER**

Plaintiff Johnny Gonzales filed a motion for $4,655.00 in attorney fees and $400.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 24.) The Commissioner objects and contends that no attorney fees are appropriate under the EAJA because her position was substantially justified both before the Administrative Law Judge ("ALJ") and before this Court. (Doc. 25.) As explained herein, I find that the Commissioner's position was not substantially justified and therefore grant Gonzales's motion for an award of $4,655.00 in attorney fees and $400.00 in costs under the EAJA.

The EAJA requires courts to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).

In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Id.* (citations omitted). The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172.

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (unpublished) (citing *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172. "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394. However, when the agency applies the wrong legal standard—or fails to apply the correct legal standard—the Commissioner "[cannot] show that h[er] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001) (unpublished).

The Commissioner now argues that I should not award Gonzales attorney fees under the EAJA because she was substantially justified in defending the ALJ's errors, as described in the Memorandum Opinion and Order. Therefore, I must determine whether the Commissioner has met her burden to show that she was substantially justified in defending the ALJ's errors in the subsequent litigation. I find that the Commissioner has not met this burden.

The Commissioner argues that the ALJ's analysis and her position defending that analysis was substantially justified because "a reasonable person could have believe that the

ALJ's decision demonstrated that the ALJ had, in fact, also considered other regulatory factors in evaluating" the relevant medical opinion. (Doc. 25 at 3.) The Commissioner further submits that "this case turned on the ALJ's articulation." (*Id.* at 6.)

I agree that the standard for an award of fees under the EAJA is not whether the ALJ's decision was supported by substantial evidence, but whether the Commissioner's position was reasonable in law and fact. In this case, I remanded the matter to the Social Security Administration upon finding that "the ALJ failed to apply the appropriate legal standard . . . rendering her step-two finding unsupported by substantial evidence." (Doc. 22 at 12.) This was not a failure in articulation or a reasonable disagreement on whether the ALJ considered the appropriate factors. In this instance, the ALJ failed to apply the correct legal standard, which is unreasonable, and the Commissioner defended that decision, which is also unreasonable. Accordingly, the Commissioner's assertion that her position was substantially justified and was, if anything, merely an error of articulation (*see* Doc. 25 at 6), is not persuasive.

Based on the foregoing, I find that the Commissioner has not shown that her position at the administrative level and in defending the ALJ's decision was substantially justified. *Groberg v. Astrue*, 505 F. App'x 763, 768-69 (10th Cir. 2012) (unpublished) (upholding district court's finding that Commissioner's position in favor of the ALJ's decision was not substantially justified when ALJ rejected medical opinions for unsupportable reasons in favor of his own opinion).

IT IS THEREFORE ORDERED THAT the motion is GRANTED and Plaintiff is awarded $4,655.00 in attorney fees and $400.00 in costs under the EAJA. *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
William P. Lynch
United States Magistrate Judge